OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioner is the owner of 15 parcels of land in Holland, New York, which have been developed as a recreational park containing small lakes, campsites, hiking trails, playgrounds, roadways and other facilities. The deed to each campsite contains an easement entitling the owner to use the common areas and facilities. The membership of the Association consists of all parties owning campsites in the park.
The Association sought a reduction in the assessment of its real property for the tax year 1992. It claimed that its property is of only nominal value because burdened by easements in favor of the individual campsite owners. Moreover, it asserted that those owners’ assessments had been increased to reflect the value of the owners’ rights in the common areas and that by assessing the Association property at full value, the respondents have engaged in double taxation. It sought relief under the rule stated in People ex rel. Poor v O’Donnel (139 App Div 83, affd 200 NY 518).
Before trial the Association and respondents stipulated that petitioner’s land unencumbered had a value of $130,500 (the present assessment) but that if the restrictions of record left the 15 parcels with only nominal value, the market value of the property was $10 per parcel. This was the only evidence of the value of the Association property submitted. There was no evidence of enhanced assessments to the individual campsites because of the easements. The issue before the court was whether full-value or nominal value should be used to assess the Association’s property.
The court concluded that the property had more than nominal value, the encumbrances notwithstanding, because the Association retained certain rights to the common areas and facilities. Confronted with a choice of either $130,500 or $10 per parcel and no evidence from which it could adjust these values, the court was constrained to adopt the full value of $130,500. Its findings were supported by the record and affirmed by the Appellate Division. We are bound by these findings and the order should be affirmed.
*851 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
Order affirmed, with costs, in a memorandum.